**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| BONNIE McNEIL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-07-3664 |
| | § | |
| MICHAEL J. ASTRUE, Commissioner, | § | |
| Social Security Administration, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION
ON MOTION FOR ATTORNEY'S FEES AND COSTS**

This motion was referred by the Honorable Lee H. Rosenthal for a memorandum and recommendation. In the pending motion, the attorney for Plaintiff Bonnie McNeil ("Plaintiff," "McNeil"), James Foster Andrews ("Andrews"), asks for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Motion for Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ["Motion"], Docket Entry #18). Defendant Michael J. Astrue, Commissioner of the Social Security Administration ("Defendant," "Commissioner") responded to the motion, and Andrews replied. (Defendant's Response to Plaintiff's Motion for Attorney's Fees ["Response"], Docket Entry #19; Plaintiff's Response to Defendant's Response Regarding Plaintiff's EAJA Motion for Attorney's Fees ["Reply"], Docket Entry #20). After considering the pleadings, the evidence submitted, and the applicable law, the court RECOMMENDS that the motion for attorney's fees be GRANTED, in part, and that Andrews be awarded the sum of $10,518.00 in attorney's fees.

**Background**

This action began on October 29, 2007, when Plaintiff Bonnie McNeil filed her complaint to challenge the Commissioner's decision to deny her application for Social Security Disability Insurance Benefits, under Title II of the Social Security Act ("the Act"), and for Supplemental Security Income benefits ("SSI"), under Title XVI of the Act. (Complaint, Docket Entry #1, at 2-3). On March 16, 2009, this court recommended that the Commissioner's decision be remanded for further development of the record as to McNeil's physical and mental impairments. (Memorandum and Recommendation ["M&R"], Docket Entry #15, at 27-28). Neither party filed objections. On March 31, 2009, Judge Rosenthal adopted that recommendation, and remanded the case to the Social Security Administration. (Docket Entry #16).

On April 2, 2009, Plaintiff's counsel, James Foster Andrews, filed the pending motion for attorney's fees under the Equal Access to Justice Act. (Motion at 1-4). In this motion, Andrews seeks an award of $11,796.69, for 64.5 hours of work on McNeil's court case. (*Id*. at 3-4). In response, Defendant states that he does not object to an award of a reasonable fee, but argues that 64.5 hours of work on this case is excessive, and that Andrews has not shown that he is entitled to the hourly rate sought. (Response at 1-4). Having reviewed the pleadings, the evidence submitted, and the applicable law, the court recommends that the motion for attorney's fees be granted, in part.

**Discussion**

Once judgment has been entered in a social security case, a prevailing plaintiff may seek an award of attorney's fees under the Equal Access to Justice Act. *See* 28 U.S.C. § 2412(d)(1)(A). That

Act provides for such an award, as follows:

> [e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

*Id.* One is said to be a "prevailing party" under the EAJA "'if [she] succeed[s] on any significant issue in litigation which achieves some of the benefit [she] sought in bringing suit.'" *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003) (quoting *Sims v. Apfel*, 238 F.3d 597, 600 (5th Cir. 2001)). In this case, the court granted Plaintiff's motion for summary judgment, finding the issues in her favor as a matter of law. The case was then remanded for further consideration of whether she was disabled for purposes of the Act. Clearly, Plaintiff succeeded on "significant issue[s]" in her case and "achieve[d] some of the benefit [she] sought in bringing suit.'" *See id.*; *Sims*, 238 F.3d at 600. For this reason, Plaintiff is a "prevailing party" for purposes of the EAJA. *See Davidson*, 317 F.3d at 506.

As the prevailing party, Plaintiff's counsel is entitled to an award of attorney's fees "unless the court finds that the Commissioner's position was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Commissioner bears the burden of proof on these issues. *See Davidson*, 317 F.3d at 506 (citing *Herron v. Bowen*, 788 F.2d 1127, 1132 (5th Cir. 1986)); *Baker v. Bowen*, 839 F.2d 1075, 1080 (5th Cir. 1988); *Griffon v. United States Dep't of Health & Human Servs.*, 832 F.2d 51, 52 (5th Cir. 1987). The Commissioner does not argue that his position was substantially justified, or that special circumstances exist that would

3

make an award of attorney's fees unjust in this instance. *See Baker*, 839 F.2d at 1080-81; *Griffon*, 832 F.2d at 52. In fact, to the contrary, the Commissioner states that he "does not oppose an award of reasonable attorney's fees in this case." (Response at 1). Clearly then, Plaintiff, as the prevailing party, is entitled to her attorney's fees under the EAJA. *See* 28 U.S.C. § 2412(d)(1)(A). Even so, the court must consider the amount of the award requested. *See Boehms v. Crowell*, 139 F.3d 452, 463 (5th Cir. 1998).

First, the court must "determine whether the hours claimed by plaintiff's attorney are reasonable, or excessive." *Zamora v. Astrue*, 2009 WL 311312, at *4 (S.D. Tex. 2009) (Jack, J.) (slip opinion) (citing *Hall v. Shalala*, 50 F.3d 367, 369-70 (5th Cir. 1995)). "Attorneys submitting a fee request pursuant to the EAJA 'are required to exercise billing judgment.'" *Id.* (quoting *Walker v. United States Dep't of Hous. & Urban Dev*., 99 F.3d 761, 769 (5th Cir.1996)). In this case, Andrews claims that a total of 64.5 hours of legal services were devoted to prosecuting McNeil's case before this court. (Motion at 2). He attached to his motion an itemized spreadsheet that details, among other things, that these hours were spent conversing with his client; reviewing the administrative record; and preparing the complaint, summary judgment motion, and response to the cross-motion for summary judgment. (*Id*. at Exhibit ["Ex."] A). The Commissioner argues that the number of hours alleged to have been spent on this case is excessive. (Response at 1-4). In particular, Defendant challenges Andrews's assertion that it took 6.35 hours to prepare the complaint, 11.35 hours to review the administrative record, and 8.9 hours to consult with McNeil. (*Id*. at 2-3). The Commissioner also objects to an award for 1.2 hours allegedly spent in connection with a subsequent, and ultimately, successful application for SSI benefits, arguing that it was unrelated to this case. (*Id*.). In reply, Andrews contends that 64.5 hours was reasonable to

"meticulously examine the record," to become familiar with the case, and to review the record on particular issues that the ALJ did not address properly. (Reply at 1-3). As to hours spent consulting with McNeil, Andrews points out that part of that time was actually spent on other tasks, including drafting a pauper's petition, and reviewing the court's recommendation. (*Id*. at 3; Motion at Ex. A). Regarding the challenged 1.2 hours spent in connection with the successful application for SSI benefits, Andrews states that "the fact that Defendant finally found Plaintiff disabled . . . was a fundamental part of Plaintiff's Motion for Summary Judgment." (Reply at 4).

Here, as Andrews emphasizes, he was not McNeil's attorney at the administrative level, so that he was unfamiliar with the case when he agreed to pursue it in federal court. (*Id*. at 2). Indeed, McNeil was represented by a non-attorney during part of the administrative process, and had no representation at the Appeals Council level. (M&R at 2, 22-23). It stands to reason that Andrews would require more time to review and prepare his case than would an attorney who had been present during the administrative process. And, because McNeil was not represented by an attorney at any point in the administrative process, Andrews lacked the advantages that arise from the work product of another attorney. Further, this case, which involved claims of both physical and mental impairments, was made more complicated because the ALJ did not properly examine McNeil's claims regarding the side effects of her medications and her mental state. (*Id*. at 23-27). As a result, Andrews had to delve deeply into the record. Indeed, the administrative transcript contains medical records from as early as May, 2000, and as recently as June, 2007. (*Id*. at 7-15). It takes significant time to review them. Moreover, according to counsel's exhibit, the disputed 1.2 hours were not actually spent on the more recent SSI application, but on the request and review of the agency's rationale as it might apply to this case, and in informing McNeil of the consequences of that decision

on the status of her case.  (*Id*.).  Approximately one hour for these tasks does not seem excessive, nor does it appear to be irrelevant to the issues raised before this court.  For these reasons, the court finds that the number of hours Andrews spent on this case is reasonable.

As a final matter, the court must consider the rate that Andrews wishes to charge for those hours.  *See Zamora*, 2009 WL 311312, at *4.  The EAJA provides that an attorney's fee award shall not be more than $125 per hour, unless the court determines that a special factor or an increase in the cost of living justifies a higher rate.  *See* 28 U.S.C. § 2412(d)(2)(A).  As a general rule, "in determining the amount of attorneys' fees, the district court enjoys discretion."  *Perales v. Casillas*, 950 F.2d 1066, 1074 (5th Cir. 1992); *accord Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006).  However, that discretion is limited by the guidelines that the EAJA sets out for determining the amount of an award of attorney's fees.  *See Perales*, 950 F.2d at 1074.  The Act provides, in pertinent part, as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).  In this case, Andrews argues that he is seeking higher rates than the standard, as adjusted for the cost of living, "in light of [his] nearly 32 years experience," including 28-years concentrating on Social Security disability cases.  (Motion at 4 & Ex. B; Reply at 4-5). However, in the context of immigration law, the Fifth Circuit has rejected the notion that expertise in an specific area of the law is necessarily a reason to award a higher rate.  *See Perales*, 950 F.2d

at 1078.  The Fifth Circuit made the following statement concerning this issue:

> [i]n a sense, every attorney practicing within a narrow field could claim specialized knowledge. Although the district court found that "[i]mmigration law is a specialty area requiring an extensive and current knowledge of applicable statutes and regulations," such is true for virtually any area of law, particularly those involving the intricate federal statutory schemes that typically give rise to awards under the EAJA.

*Id.*  In sum, the Fifth Circuit concluded that a fee award above the statutory rate is not justified unless "the number of competent attorneys who handle cases in [a] specialized field is so limited that individuals who have possibly valid claims are unable to secure representation."  *Id.*  Here, Andrews has not made such a showing, and for that reason, the court must look to the statutory rate.  *See* 28 U.S.C. § 2412(d)(2)(A).

Under the EAJA, the statutory rate of $125.00 per hour may be adjusted to reflect "an increase in the cost of living."  *Id.*; *see Baker*, 839 F.2d at 1084.  While the Fifth Circuit has noted that a cost-of-living adjustment is not "required" by the statute, it has determined that Congress intended "that cost of living be seriously considered by the fee-awarding court."  *Id.*; *see Yoes*, 467 F.3d at 427.  In *Baker*, as the court explained, "Clearly, '[t]he cost of living language reflected congressional awareness that, with inflation, the fee-limiting provision could defeat the purpose of the statute.'"  839 F.2d at 1084 (quoting *Action on Smoking & Health v. Civil Aeronautics Bd.*, 724 F.2d 211, 217 (D.C. Cir. 1984)).  The Fifth Circuit has also held "that cost-of-living adjustments under the EAJA must be made to reflect the appropriate rate in the year in which the services were rendered."  *Perales*, 950 F.2d at 1076.  To determine the relevant cost-of-living variants for EAJA purposes, courts commonly refer to compiled statistical reports, such as the Consumer Price Index

("CPI"),[1] which is published by the United States Bureau of Labor Statistics. *See Bode v. United States*, 919 F.2d 1044, 1053 n.8 (5th Cir. 1990) (citing *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990); *Ramon-Sepulveda v. INS*, 863 F.2d 1458, 1463, 1464 n.6 (9th Cir. 1988); *Allen v. Bowen*, 821 F.2d 963, 967 (3d Cir. 1987)). Ultimately, however, the exact amount of any increase remains in the court's discretion. *See Yoes*, 467 F.3d at 426; *Washington v. Barnhart*, 93 Fed. Appx. 630, 631 (5th Cir. 2004); *Perales*, 950 F.2d at 1074.

In this case, Andrews requests an award calculated at a rate of $180.93 per hour for the 24.9 hours expended on the case in 2007, and at a rate of $184.13 per hour for the 39.6 hours for work done in 2008, and early 2009. (Motion at 3 & n.1). He states that his calculations are based on the CPI "for the Greater Houston area" for those years. (*Id.*). In response, the Commissioner claims that Andrews's calculations are incorrect, and that the proper rates, which he bases on the "Houston/Galveston/Brazoria CPI-U," are $160.00 per hour for work done in 2007, and $165.00 per hour for work performed in 2008 and 2009. (Response at 4). In his reply, Andrews appears to stand by his calculations, but he makes no attempt to persuade the court that his figures are more accurate than Defendant's. (Reply at 4-5 & n.1). A review of recent cases from this court suggests that Defendant's calculation is the more accurate one for this area during this period. *See Thomas v. Astrue*, 2009 WL 210484, at *2 (S.D. Tex. Jan. 26, 2009) (Rosenthal, J.) (slip opinion) (approving an hourly rate calculation of $160.00 for work performed in 2007, and $163.40 for work done in 2008); *see also Zamora*, 2009 WL 311312, at *6; *Davis v. Astrue*, 2009 WL 197524, at *5 (S.D. Tex. Jan. 27, 2009) (Jack, J.) (slip opinion); *Benoit v. Astrue*, 2008 WL 3928026, at *1 (S.D. Tex. Aug. 27, 2008) (Johnson, J.). Using Defendant's numbers, Andrews is due $3,984.00 for 24.9 hours

---

[1] The Consumer Price Index can be found on the Internet at www.bls.gov/cpi.

of work done in 2007, at an hourly rate of $160.00, and $6,534.00 for 39.6 hours in 2008, and 2009, at a rate of $165.00, for a total of $10,518.00.

**Conclusion**

Accordingly, it is **RECOMMENDED** that the Motion for Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act be **GRANTED**, in part.

It is further **RECOMMENDED** that Plaintiff's counsel be awarded the sum of $10,518.00 in attorney's fees**.**

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have ten business days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c)), General Order 02-13, S.D. Texas.  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208; copies of any such objections shall be delivered to the chambers of Judge Lee H. Rosenthal, Room 11535, and to the chambers of the undersigned, Room 7007.

**SIGNED** at Houston, Texas, this 1st day of May, 2009.

**MARY MILLOY**
**UNITED STATES MAGISTRATE JUDGE**